IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                                 CRIMINAL ACTION NO.  3:24-00183

ALLEN LATION BAIRD

### MEMORANDUM OPINION & ORDER

Pending is Defendant's Motion to Revoke Detention Order. ECF No. 25. For the reasons that follow, the motion is **DENIED**.

### BACKGROUND

On November 5, 2024, Defendant Allen Laiton Baird was charged in a single-count Indictment with possession of fentanyl and methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Defendant was arrested on the Indictment on November 12, 2024. ECF No. 6. On November 13, 2024, the Government moved for a detention hearing. ECF No. 8. The Government's motion: outlined that the offense charged carries a maximum term of imprisonment of ten years or more under the Controlled Substances Act; argued that the court should detain Defendant because no conditions of release would reasonably assure Defendant's appearance and the safety of the community; and invoked the rebuttable presumption against Defendant pursuant to 18 U.S.C. § 3142(e) on the grounds that there was probable cause to believe that Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. *Id.* Magistrate Judge Reeder held an arraignment and detention hearing on November 19, 2024 and ordered Defendant detained pending trial. ECF No. 18.

At the hearing, Defendant pled not guilty. He offered the testimony of his fiancé, Chavon Green, who stated she was willing to act as a third-party custodian. ECF No. 31-1 at 11-12. Green further testified that her residence could be equipped with a landline for location monitoring and that she could transport Defendant to court proceedings as necessary. *Id.* Defendant's counsel acknowledged that Defendant had previously escaped from the Western Regional Jail and that this escape would be "concerning to probably everyone." *Id.* at 17-19. Defendant and his counsel emphasized that this was not an escape that involved physically hurting anyone, cutting fences, or digging holes to escape the jail. *Id.* The Pretrial Services Report states that, in April 2005, Defendant escaped from the jail by representing himself as another inmate who was scheduled for release and forging that individual's name on West Virginia Department of Corrections documents to aid in his escape. ECF No. 15. He was not arrested for this escape until August 2005. *Id.* The report also details several violations of supervised release, parole, and probation, including a 2022 arrest in West Virginia for absconding from parole in Michigan. *Id.*

After considering Green's testimony, the information contained in the Pretrial Services Report, arguments from counsel, and the factors in 18 U.S.C. § 3142(g), Magistrate Judge Reeder found that Defendant had not rebutted the presumption in favor of detention. ECF No. 31-1 at 19-20. In particular, Magistrate Judge Reeder noted that there was nothing in the hearing testimony that addressed Defendant's prior escape from jail. *Id.*

## STANDARD

A district court reviews de novo a motion to revoke or amend a magistrate judge's pretrial release order. *See United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1985). The district court "must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

**DISCUSSION**

Pretrial release is required unless the Court concludes "no condition or combination of conditions" of release will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The factors to be considered include: "(1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *United States v. Stewart*, 19 F. App'x at 48 (citing 18 U.S.C. § 3142(g)). Lack of reasonable assurance of "either the defendant's appearance or the safety of others or the community" is sufficient to order detention. *Id.*

A rebuttable presumption favoring detention applies because Defendant is charged with a crime under the Controlled Substances Act with a maximum term of imprisonment of ten years or more. *United States v. Basenback*, No. CR 3:23-00155, 2023 WL 6796203, at *1 (S.D.W. Va. Oct. 13, 2023) (citing 18 U.S.C. § 3142(e)). "In such a case, the burden of production shifts to the defendant to come forward with evidence to suggest that the presumption is unwarranted in his or her particular case." *United States v. Boyd*, 484 F. Supp.2d 486, 488 (E.D. Va. 2007). "If the defendant successfully rebuts the presumption, the burden returns to the government to prove by a preponderance of the evidence that detention is nevertheless warranted." *Id.* (citing 18 U.S.C. § 3142(f)).

Defendant argues that very little evidence is required to rebut the presumption and he presented such evidence. Specifically, he points to Green's testimony that Defendant had a residence in Huntington where he could reside, that the home could be equipped with a landline

for location monitoring if necessary, and that Green was able and willing to assume the role of third-party custodian including transporting him to court proceedings. Defendant requested that the Court enter an order releasing him from custody and placing him on home confinement at his fiancé's residence. ECF No. 25. The Government argues that Defendant did not offer sufficient evidence to rebut the presumption because Green testified that she works outside her home five days per week from 7:00 a.m. to 3:30 p.m. and that Defendant's son, who does not live at Green's residence, could monitor Defendant during her work hours. ECF No. 30; *see also* ECF No. 31-1 at 14. Defendant's son did not testify. *See* ECF Nos. 16, 31-1.

The Court finds that Defendant did not present sufficient evidence to show that the presumption of detention is not warranted in his case. Defendant's evidence showed that he had a potential third-party custodian and residence which could be equipped for location monitoring. But Defendant's proposed third-party custodian must leave that residence for more than 40 hours per week. Green testified that Defendant's son could monitor Defendant during those hours, but Defendant did not call his son as a witness or offer any other testimony regarding his son's fitness to serve as his custodian. Given Defendant's history of escaping jail and repeatedly violating the terms of his supervised release, parole, and probation, this evidence is not sufficient to show that the presumption is unwarranted.

The Court also notes that the § 3142(g) factors do not weigh in Defendant's favor. "Fentanyl has wreaked havoc in recent years. Its deleterious effects are 'acutely felt' in this district." *United States v. Basenback*, No. CR 3:23-00155, 2023 WL 6796203, at *2 (S.D.W. Va. Oct. 13, 2023) (quoting *United States v. Thomas*, 2023 WL 2623224, at *3 (S.D.W. Va. Mar. 23, 2023)). Accordingly, the nature and circumstances of the offense and the nature and seriousness

of the danger to the community weigh against Defendant. At the detention hearing, neither the Government nor Defendant made arguments regarding the strength of the evidence.

Most significantly, the history and characteristics of Defendant favor detention. Defendant's criminal history suggests that no condition or combination of conditions of release will reasonably assure his appearance. According to the Pretrial Services Report, Defendant escaped from a local jail in 2005 and evaded authorities for months before he was arrested and pled guilty to a state offense for the escape. ECF No. 15. Defendant and his counsel acknowledged that he intentionally escaped from jail but offered that his escape was not violent. ECF No. 31-1 at 17-19. The Pretrial Services Report details that Defendant has committed several violations of the terms of his federal supervised release and Michigan state parole during the last five years. Defendant's recent history of supervised release and parole violations combined with his escape from Western Regional Jail lead the Court to conclude that no condition or combination of conditions of release will reasonably assure his appearance.

## CONCLUSION

The Court **DENIES** Defendant's Motion to Revoke Detention Order. ECF No. 25. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:       January 7, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE